IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODDY AND KIM STRATIOU | : | CIVIL ACTION NO. |
| v. | : | 06-1392 |
| JAMES SCHOPF | : | |
| and | : | |
| E. EUGENE SCHOPF | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT, E. EUGENE SCHOPF, TO PLAINTIFFS' COMPLAINT**

Defendant, E. Eugene Schopf, by and though his attorneys, Yost & Tretta, hereby files his Answer and Affirmative Defenses to the plaintiffs' Complaint and aver as follows:

**SUMMARY OF ACTION**

1. Denied. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth or falsity of said allegations, and therefore the same are denied.

**PLAINTIFFS**

2. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore the same are denied.

**DEFENDANTS**

3. Admitted.

4. Admitted.

## JURISDICTION

5. Denied. Answering defendant denies the allegations contained in this paragraph as a conclusion of law to which no response is required.

6. Denied. Answering defendant denies the allegations contained in this paragraph as a conclusion of law to which no response is required.

## OPERATIVE FACTS

7. Denied. After reasonable investigation, answering Defendant is without information sufficient to form a belief as to the truth or falsity of said allegations, and therefore the same are denied.

8. Denied. After reasonable investigation, answering defendants are without information sufficient to form a belief as to the truth or falsity of said allegations, and therefore the same are denied.

9. Denied. After reasonable investigation, answering defendants are without information sufficient to form a belief as to the truth or falsity of said allegations, and therefore the same are denied.

10. Denied. After reasonable investigation, answering defendants are without information sufficient to form a belief as to the truth or falsity of said allegations, and therefore the same are denied.

## COUNT I

### NEGLIGENCE

11. Answering defendant incorporates by reference the averments contained in his answers to paragraphs one through ten, inclusive, as if the same were fully set forth at length herein.

12. Denied.  Answering defendant denies the allegations contained in this paragraph as a conclusion of law to which no response is required. Answering defendant denies that he was negligent; denies that he negligently attached the trailer to the truck in question. To the contrary, answering defendant acted carefully, prudently and reasonably and fulfilled any and all duties which may have been owed.  Answering defendant had no involvement whatsoever in attaching the trailer to the truck.

13. Denied. Answering defendant denies the allegations contained in this paragraph as a conclusion of law to which no response is required. Answering defendant denies that he was negligent or breached any duties. To the contrary, at times relevant to the plaintiffs' Complaint, answering defendant acted carefully, prudently and reasonably and fulfilled any and all duties which may have been owed.  Answering defendant had no involvement whatsoever in attaching trailer to the truck or in the operation of the truck.

14. Denied. Answering defendant denies the allegations contained in this paragraph as a conclusion of law to which no response is required. Answering defendant denies that he was

negligent or breached any duties. To the contrary, at times relevant to the plaintiffs' Complaint, answering defendant acted carefully, prudently and reasonably and fulfilled any and all duties which may have been owed.  Answering defendant had no involvement whatsoever in attaching the trailer to the truck or in the operation of the truck.

    15.  Denied. Answering defendant denies any and all allegations of negligence, carelessness or recklessness contained in this paragraph as conclusions of law which require no response. To the extent that said allegations are not conclusions of law, Answering defendant had no involvement whatsoever in attaching the trailer to the truck or in the operation of the truck.  Answering defendant denies the allegations of injuries and damages and demands due proof of same at the trial of the case.

    WHEREFORE, answering defendant respectfully requests that this Honorable Court dismiss the plaintiffs' Complaint with prejudice.

### COUNT II
### LOSS OF CONSORTIUM

    16.  Answering defendant incorporates by reference the averments contained in their answers to paragraphs one through fifteen, inclusive, as if the same were fully set forth at length herein.

    17.  Denied. Answering defendant denies the allegations contained in this paragraph as conclusions of law to which no

response is required. Answering defendant specifically denies that he was negligent. To the contrary, answering defendant acted reasonably, prudently and carefully at all times relevant to the Complaint.

WHEREFORE, answering defendant respectfully requests that this Honorable Court dismiss the plaintiffs' Complaint with prejudice.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

18.   The plaintiffs' Complaint fails to state a cause of action upon which relief may be granted under Pennsylvania, Virginia or Federal law.

### Second Affirmative Defense

19.   The plaintiffs' injuries, damages and losses were not caused by answering defendant, but rather were caused by the acts or omissions of other parties, which answering defendant did not control nor exercise the right to control.

### Third Affirmative Defense

20.   The plaintiffs' claims, damages and/or causes of action may be barred by and/or limited by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act.

### Fourth Affirmative Defense

21.   The plaintiffs' claims, damages and/or causes of action may be barred by and/or limited by the provisions of the Virginia Motor Vehicle Statutes.

**Fifth Affirmative Defense**

22. The plaintiffs are barred from recovery by the contributory negligence doctrine.

**Sixth Affirmative Defense**

23. The plaintiffs failed to exercise due regard for their own safety and conducted themselves in a negligent manner and therefore the plaintiffs' recovery may be barred and/or limited by the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A.§7102 et seq.

**Seventh Affirmative Defense**

24. The plaintiffs have failed to mitigate their damages.

**Eighth Affirmative Defense**

25. The plaintiffs violated the provisions of the Pennsylvania Motor Vehicle Code, the statutes of the Commonwealth of Pennsylvania and ordinances of the County of Lancaster.

**Ninth Affirmative Defense**

26. The plaintiffs' claims, damages and/or causes of action may be barred by and/or limited by the terms of their insurance policy, the operation of Virginia Law or the Limited Tort provisions of Pennsylvania motor vehicle law.

**Tenth Affirmative Defense**

27. The plaintiffs' claims, damages and/or causes of action are barred by the sudden emergency doctrine.

**Eleventh Affirmative Defense**

28. The plaintiffs' claims, damages and/or causes of action

are barred by the assured clear distance ahead doctrine.

### Twelfth Affirmative Defense

29. The plaintiffs' injuries do not constitute serious injuries under the Pennsylvania Motor Vehicle Financial Responsibility Act and/or by the provisions of the Virginia Motor Vehicle Statutes.

### Thirteenth Affirmative Defense

30. The plaintiffs' claims, injuries, losses and any claims are barred by the Doctrines of Release, Accord and Satisfaction and/or Settlement and Compromise.

### Fourteenth Affirmative Defense

31. The plaintiffs' claims, damages and/or causes of action may be barred by the applicable statute of limitations.

WHEREFORE, answering defendants respectfully request that this Honorable Court dismiss the plaintiffs' Complaint with prejudice.

Respectfully submitted,

**YOST & TRETTA, LLP**

By:_____
    Richard W. Yost (RY1086)
    Donald I. Wall (DW1085)
    Suite 610
    Two Penn Center Plaza
    1500 John F. Kennedy Blvd.
    Philadelphia, PA 19102
    (215) 972-6600
    Attorney for Defendant,
    E. Eugene Schopf

**CERTIFICATE OF SERVICE**

      I do hereby certify that service of a true and correct copy of the foregoing was made all parties or their counsel by regular first class mail, postage prepaid.

_____  
DATE

                                        _____  
                                        Donald I. Wall, Esquire